UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

MOHAMED KEITA,                                          :

                                                        :          MEMORANDUM AND ORDER
                                    Plaintiff,          :
                                                        :          07-CV-4958 (ENV) (LB)
                        -against-                       :

                                                        :
U.S. SMALL BUSINESS ADMINISTRATION, Office    :
of Disaster Assistance, JANE PEASE, Disaster            :
Assistance Office, U.S. SMALL BUSINESS                  :
ADMINISTRATION, PDC Disaster Assistance,                :

                                                        :
                                    Defendants.         :

------------------------------------------------------------------ x

VITALIANO, D.J.

       Plaintiff Mohamed Keita, appearing *pro se*, files the instant action against the

U.S. Small Business Administration's Office of Disaster Assistance and PDC Disaster

Assistance Office (collectively, "SBA"), and against Jane Pease,[1] an employee in the SBA's

Office of Disaster Assistance. Although unclear from the complaint, it appears that Keita's

allegations stem from a flooding event which occurred in 2007 and affected various properties he

owns in Richmond County.[2] In this lawsuit, Keita asks the Court to overturn the SBA's rejection

of two disaster-related loan applications. Defendants now move to dismiss the complaint

pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or, in the alternative, for

summary judgment. Plaintiff cross-moves "not to dismiss" and to compel discovery.

---

[1]   The case caption has been amended to reflect the correct spelling of Jane Pease's name.

[2]   Plaintiff has in turn flooded the Court with three other lawsuits relating to this same incident, all of
which have been dismissed. See Keita v. Chase Manhattan Mortgage et al., 08-CV-3749 (ENV)
(dismissed on June 25, 2009, for lack of subject matter jurisdiction); Keita v. Mercedes Benz USA,
LLC et al., 08-CV-3748 (ENV) (dismissed on Sept. 24, 2008, for lack of subject matter jurisdiction
and for failure to state a claim); Keita v. State Farm Ins. et al., 08-CV-3542 (ENV) (dismissed on
Sept. 9, 2008, for lack of subject matter jurisdiction and for failure to state a claim).

## Background

The specific facts and circumstances upon which plaintiff relies in bringing this action are difficult to discern from the text of his complaint. To the extent comprehensible, Keita's allegations are accepted as true for purposes of this motion.

In April 2007, Keita applied to the SBA for a business disaster loan and a home disaster loan after Richmond County was declared a federal major disaster area pursuant to the Stafford Act. (Compl. ¶¶ 3-4.) The SBA denied both of Keita's applications, asserting that he lacked sufficient "credit worthiness" and adequate "repayment ability" – determinations which Keita alleges were at least in part based on "lack[ ] of understanding and misinterpretation of the financial documentation provided." (Id. ¶ 5(2).)[3] Keita appealed the decisions within the SBA, but his applications were repeatedly denied. (Id. ¶ 5(1)-(2).) In August 2007, Keita received a letter from Herbert Mitchelle explaining the reasons for the denials, but the letter, Keita contends, "lacked adequate explanation" and "was poorly [sic] subjective." (Id. ¶5(2).) Plaintiff also sought reconsideration of his loan by the "SBA Recon Unit", quartered in Fort Worth, Texas. Speaking on the phone with that unit's Eugene Nygaar, Keita says he was informed that his loan applications were being reconsidered and "should be approve[d]." (Id. ¶5(1).) Nonetheless, plaintiff received additional denials on September 11, 2007, which Keita claims evinces "clear evidence[ ] of discrimination" because it is a "a very sensative [sic] day". (Id. ¶ 5(1).) Another letter from Mitchelle on October 22, 2007 explained to Keita that his "appeal process for both loans had ended on August 1, 2007", but plaintiff asserts that this statement was incorrect. (Id. ¶ 5(2).)

Keita also alleges that Jean Pease, an employee in SBA's Washington D.C. office,

---

[3] Plaintiff's complaint mistakenly contains two consecutive paragraphs marked number 5. The Court refers to these paragraphs as 5(1) and 5(2).

requested that other loan officers and employees in the "SBA Disaster Assistance Office" no longer communicate directly with him. (Id. ¶ 5(1).) Plaintiff theorizes that Pease "had realized that there was a complaint filed with the Office of National Ombudsman and Inspect [sic] General Officer about the mishandling of my . . . loan applications . . . improper act[s] by personel [sic] and others in processing . . . discrimination, and biasness in decision making." (Id.) Plaintiff does not include any further information regarding his complaints to the Ombudsman.

As a remedy, Keita prays that the Court "[c]hange the declined [sic] of both loans to an immediate approval under the Stafford Act as a provision to Presidential declared flood disaster relief recovery." (Id. ¶ 7.)

## Discussion

### 1. Standard of Review

Fed R. Civ. P. 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." This rule does not compel a litigant to supply "detailed factual allegations" in support of his claims for relief, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555); see also In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 555 U.S. at 557). A complaint rooted entirely in conjecture and speculation is worthless. See Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (noting that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to

3

dismiss") (internal quotation marks omitted).

A court considering a motion to dismiss pursuant to 12(b)(6) must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir. 2008); see Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 555 U.S. at 570). In deciding a Rule 12(b)(6) motion for failure to state a claim, a court may only consider, in addition to the pleading itself, documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); Int'l Audiotext Network, Inc. v. A.T.&T. Co., 62 F.3d 69, 72 (2d Cir. 1995).

As the circumstances here permit the Court to resolve this matter on Rule 12(b) grounds, the Court foregoes any discussion of defendants' alternative strategy to pursue summary judgment.

2. Judicial Review of the SBA Loan Denials

It is not obvious from the face of the complaint what specific causes of action are alleged by plaintiff. However, in light of the "special solicitude" given to pro se litigants' submissions, see Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006), the Court construes the complaint liberally and concludes that Keita: (1) seeks judicial review of the SBA's decisions to deny his disaster loan applications pursuant to the Administrative Procedure Act and Small Business Act; and (2) alleges that actions by individual SBA employees denied him due process and equal protection under the Fifth Amendment. While it is unclear what

4

authority plaintiff relies upon in making these claims,[4] it is clear that he seeks equitable relief, namely, overturning the SBA's determinations and directing the SBA to make the two disaster loans it had denied.

Defendants argue under Rule 12(b)(1) that the Court lacks subject matter jurisdiction to review SBA's adverse decisions. "Absent a waiver, sovereign immunity shields the federal government and its agencies from suit," FDIC. v. Meyer, 510 U.S. 471, 475, 114 S. Ct. 996, 1000 (1994), as such waiver is a "prerequisite" for subject matter jurisdiction in federal district courts. United States v. Mitchell, 463 U.S. 206, 212, 103 S. Ct. 2961, 2965 (1983); Presidential Gardens Assocs. v. United States, 175 F.3d 132, 139 (2d Cir. 1999). Sovereign immunity also extends to officers of government agencies when they "act in their official capacities", Dotson v. Griesa, 398 F.3d 156, 177 (2d Cir. 2005) (citing Meyer, 510 U.S. at 475), because such actions are "essentially a suit against the United States." Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994). Critically, a waiver of sovereign immunity by the United States must be "unequivocally expressed" by Congress, and cannot be implied. Adeleke v. United States, 355 F.3d 144, 150 (2d Cir. 2004); Laday v. Ramada Plaza Hotel LaGuardia, 2007 U.S. Dist. LEXIS 9823, at *6 (E.D.N.Y. Feb. 13, 2007). SBA contends that there has been no such waiver permitting the Court to entertain this action.

Congress, of course, has waived a degree of sovereign immunity against federal agencies in passing the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706 (2009),

---

[4] Plaintiff cites to a litany of federal statutes, federal regulations, and SBA administrative procedures that bear no direct relevance on his allegations. For example, plaintiff references the Freedom of Information Act, 5 U.S.C. § 552(a), but he does not allege that he sought documents from defendants. Plaintiff's reliance on 13 C.F.R. § 120.314 is misplaced, because that regulation deals with loans made through the Disabled Assistance Loan program, which is separate from the Disaster Loan Program applicable here. 13 C.F.R. §§ 123.15-123.20 and Disaster Assistance Program Standard Operating Procedure 50-30-5 are applicable to the Disaster Loan Program, but only deal with issues that arise *after* a loan application has been approved. Finally, the Court is unable to determine what plaintiff means when he refers to the "Moratorium Disaster Relief Act." (Compl. ¶ 3.)

which permits judicial review of actions against the United States "seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted . . . in an official capacity." 5 U.S.C. § 702. The APA empowers a reviewing court to set aside agency actions that are "arbitrary, capricious, an abuse of discretion" or "contrary to constitutional right, power, privilege, or immunity." 5 U.S.C. § 706(2). But, the APA's general grant of jurisdiction does not apply where another statute specifically precludes judicial review, such as where the challenged action was "committed to agency discretion." 5 U.S.C. § 701(a)(2); see Padavan v. United States, 82 F.3d 23, 29 (2d Cir. 1996); SGA Fin. Corp. v. U.S. Small Bus. Admin., 509 F. Supp. 392, 395 (D.N.J. 1981).

The granting of disaster loans is fairly characterized as an agency action committed to the SBA's discretion. See 15 U.S.C. § 636(b)(1)(A) & (b)(2) ("The [SBA] is empowered . . . to make [disaster] loans . . . as the Administration *may* determine necessary or appropriate to repair, rehabilitate or replace property . . . damaged or destroyed by or as a result of natural or other disasters . . . .") (emphasis added); see also Copake Lake Dev. Admin. v. U.S. Gov't, 490 F. Supp. 386, 389 (E.D.N.Y. 1980) (citing several cases for the proposition that "the decision concerning the granting of a loan by the SBA is one firmly committed to agency discretion"); Gifford v. Small Bus. Admin., 626 F.2d 85, 86 (9th Cir. 1980) ("[T]he SBA may in its sole discretion and free from judicial review determine whether or not to make or renew a loan."). Although § 701(a)(2) has been described as "a very narrow exception", Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 410, 91 S. Ct. 814, 820 (1971), it clearly applies "if the statute [granting discretion] is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." Heckler v. Chaney, 470 U.S. 821,

830, 105 S. Ct. 1649, 1655 (1985).[5] Here, the Court lacks guidance to adjudge the SBA's

exercise of its discretion because Keita seeks review of the individual economic judgments that

comprised the SBA's decision that his loans were not "necessary or appropriate."

But this does not end the Court's inquiry, because plaintiff's complaint suggests

that the SBA's decision was tainted by unconstitutional discrimination. Whatever discretion has

been vested in the SBA to deny or grant disaster loans, it does not extend so far as to permit

unconstitutional activity in violation of Keita's civil rights, and even if it did, the Fifth

Amendment's guarantee of equal protection provides ample "meaningful standards" against

which the Court can judge agency action. Even where the Court's jurisdiction is purportedly

limited by the APA, "[i]t is well established that judicial review exists over allegations of

constitutional violations even when the agency decisions underlying the allegations are

discretionary." Wong v. Warden, FCI Waybrook, 171 F.3d 148, 149 (2d Cir. 1999) (per curiam)

(citing Webster v. Doe, 486 U.S. 592, 603-05, 108 S. Ct. 2047, 2053-55 (1988)); see Grace

Tower Tenants Assoc. v. Grace Hous. Dev. Fund Co., 538 F.2d 491, 496 (2d Cir. 1976) ("[A]

finding of nonreviewability [under § 701(a)] does not preclude review of questions pertaining to

the [federal] agency's . . . compliance with constitutional and statutory demands."). The APA

does not bar this Court from reviewing whether the SBA's decision was the product of invidious

discrimination in violation of the Fifth Amendment. See Sindram v. Fox, 2007 U.S. Dist. LEXIS

80545, at *12-*13 (E.D. Pa. Oct. 31, 2007); City of N.Y. v. U.S. Dep't of Commerce, 713 F.

Supp. 48, 53 (S.D.N.Y. 1989).

---

[5]    In Heckler, the Supreme Court noted that a "literal" reading of § 701(a)(2) to always preclude judicial
      review of discretionary decisions would make little sense since § 706 specifically permits the
      reviewing court to determine whether the agency action was an "abuse of discretion." Id. at 828-29;
      see also SGA, 509 F. Supp. at 397 ("The granting of broad discretionary power to an administrative
      agency is not a per se commitment of the area to agency discretion so as to preclude judicial review.
      Such a result would render the traditional standard of review, 'abuse of discretion', a nullity.").

Nonetheless, the Small Business Act itself prohibits district courts from entering orders of "attachment, injunction, garnishment, or other similar process, mesne or final . . . against the Administrator or his property." 15 U.S.C. § 634(b) (2009). Courts have interpreted this statute to "preclude[ ] injunctive or any similar relief" against the SBA itself. Copake, 490 F. Supp. at 389; see Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1290 (5th Cir. 1994) ("The Small Business Act . . . precludes injunctive relief against the SBA."); Driskill, Inc. v. Abdnor, 901 F.2d 383, 386 (4th Cir. 1990) (explaining that "courts have no jurisdiction to award injunctive relief against the SBA"); Mar v. Kleppe, 520 F.2d 867, 869 (10th Cir. 1975); Romeo v. United States, 462 F.2d 1036, 1038 (5th Cir. 1972); Little v. United States, 489 F. Supp. 1012, 1016 (C.D. Ill. 1980). Since Keita seeks only injunctive relief, the Small Business Act expressly denies the Court subject matter jurisdiction to review the SBA loan denial decisions.

Accordingly, Keita's request that the Court review and reverse SBA's denial of his loan applications and to order SBA to approve them instead is beyond the Court's subject matter jurisdiction. Whether constitutionally based or not, Keita's request for equitable relief against the SBA is dismissed.[6]

3. Claims Against Individual Defendants

Although Keita's complaint does not directly assert a claim for monetary damages, it does list Jean Pease as an individual defendant, and mentions other SBA employees by name. The Court does not foreclose the possibility that plaintiff, filing *pro se*, has intended to set forth Bivens claims seeking *damages* against individuals that he alleges violated his constitutional rights while acting under color of federal law. Bivens v. Six Unknown Named

---

[6] Assuming *arguendo* that Keita's claim against SBA could be construed as one seeking money damages rather than equitable relief, any such claim would be based on the alleged unlawful actions of individual SBA employees. Therefore, the analysis and disposition of a damages claim against the agency, if otherwise cognizable under federal law, would be controlled by the analysis of the claims against Pease, infra.

Agents, 403 U.S. 388 (1971); see Iqbal, 129 S. Ct. at 1948 ("[W]e have allowed a Bivens action to redress a violation of the equal protection component of the Due Process Clause of the Fifth Amendment.") (citing Davis v. Passman, 442 U.S. 228, 99 S. Ct. 2264 (1979)). Defendants concede that Keita's complaint may be read to encompass a claim that he was subjected to invidious discrimination by SBA employees. What is wanting, however, is anything beyond sheer speculation to support a constitutional claim on that basis.

Keita surely refers to "discrimination" and "biasness," but he does not specifically describe any instances of mistreatment or the circumstances that led him to infer that he was subjected to discrimination. The only factual allegation on this score is that Keita received loan denials on September 11, 2007, through which, the Court is hard-pressed to assume, Keita is alleging discrimination on the basis of his being Muslim and/or of Middle Eastern origin. Plaintiff mentions individual SBA employees like Pease, Mitchelle, and Roger Garland, but it is unclear if he is accusing them of discrimination on that basis. With respect to Pease, Keita seems most distressed that she requested that employees at the Texas SBA Disaster Office not communicate with him, but he does not root these allegations in racial, religious, or other invidious animus. Without some specification of factual detail, the complaint completely fails to state any plausible claim against individual defendants such as Pease under the Iqbal test.

## Conclusion

In line with the foregoing, plaintiff's causes of action for judicial review of his loan application denials are dismissed with prejudice. Plaintiff's claims against individual federal officials for monetary damages are dismissed, but, in light of Keita's *pro se* status, the Court grants him until March 8, 2010 to amend his complaint so as to set forth proper *Bivens* claims. The new pleading must be captioned "Amended Complaint", and shall bear docket number 07-CV-4958. In the amended complaint, plaintiff is directed to bring the lawsuit against

9

individual federal officials whom he claims violated his constitutional rights, and to set forth

supporting facts with sufficient particularity to judge their plausibility. Failure to do so will

result in the dismissal of the entire action with prejudice.

Plaintiff's motion to compel discovery is denied with leave to review should

plaintiff file a plausible amended complaint that complies with the pleading requirements of Rule

8 as explicated in Iqbal.


SO ORDERED.


Dated: Brooklyn, New York
       February 3, 2010


/S/
_____
ERIC N. VITALIANO
United States District Judge