FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAR 11 2010
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MOHAMED KEITA,

                        Plaintiff,

     -against-

JANE PEASE, ROGER GARLAND, EUGENE
NYGAAR, HERBERT L. MITCHELL,

                       Defendants.
-----------------------------------------------------------x

MEMORANDUM AND ORDER

07-CV-4958 (ENV) (LB)

VITALIANO, D.J.

    On February 3, 2010, the Court issued a Memorandum and Order dismissing *pro se* plaintiff Mohamed Keita's initial complaint in this action. (Docket #18.) Construing the complaint to seek judicial review of the United States Small Business Administration's ("SBA") rejection of two disaster-related loan applications, the Court explained that it lacked subject matter jurisdiction and dismissed any such claims with prejudice. In light of Keita's reference to "discrimination" and "biasness", the Court did not foreclose the possibility that he also intended to set forth <u>Bivens</u> claims seeking monetary damages against individuals mentioned in the complaint. <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971). However, he failed to assert any specific instances of discrimination or mistreatment other than a vague allegation that he received at least one loan denial on September 11, 2007, a "very sensative [sic] day" for Americans. (Compl. ¶ 5(1).) Finding that plaintiff failed to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)(2), the Court granted him an opportunity to amend his complaint, specifically instructing him to bring <u>Bivens</u> claims "against individual federal officials whom he claims violated his constitutional rights" and "set forth supporting facts with sufficient particularity to judge their plausibility." (Docket #18, at 9-10.)

1

Keita has satisfied the former requirement, but has failed to satisfy the latter. On February 12, he filed a handwritten, one-page "amended complaint" listing Jane Pease, an employee of the SBA, as the named defendant. The amended complaint goes no further than to explain that plaintiff has "omitted" other defendants from the action (i.e., the SBA) and that he now seeks $10 million in damages. (Docket #20.) He attaches three exhibits, none of which factually enhance his naked assertion that he was discriminated against: (1) a September 12, 2007 letter from the SBA Ombudsman explaining that he received Keita's letters regarding denial of a business disaster loan and referring the matter to the "Associate Administrator at the Office of Disaster Assistance" at SBA for a "high-level review and response;" (2) a printout that Keita claims is a "Disaster Declaration" showing that the President declared Richmond County a disaster area due to storms and flooding; and (3) a "FEMA registration number." (Id.)

Plaintiff also submitted three other documents to the Court aside from his amended complaint: (1) "Names of Additional Defendants Be [sic] Included in Complaints As Amended", filed on February 16, 2010 (Docket #19); (2) "Final Amended Names of Defendants", filed February 25, 2010 (Docket #22); and (3) a "motion for discovery", also filed February 25, 2010 (Docket #23.) In these additional filings, plaintiff lists other individual defendants who allegedly "were all involved in the discussion or review of subject disaster loan applications as employees of the United States Small Business Administration." (Docket #19.) Even giving *pro se* plaintiff the benefit of the doubt and considering information contained in these papers as if it were included in the amended complaint, his allegations still fall well short of Rule 8(a)(2)'s pleading requirements. Plaintiff's only additional statements regarding discrimination are that "defendant's [sic] violated my Constitutional rights to a [sic] due process because I am an African-American, Muslim & Black" and that he was subjected to "discrimination because of my race (black-male), African-American (origin), and religion as a Muslim." (Docket #23.)

Although the Court need no longer speculate as to Keita's race, origin, and religion – as it was forced to do when considering his initial complaint – his conclusory allegation of discrimination is exactly the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation" that cannot plausibly support a lawsuit. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). It cannot be a platform for any claim against defendant Pease or any of the SBA employees he references in the supplemental filings or against the SBA itself. When a complaint fails to comply with the pleading requirements set forth in Rule 8, the district court may dismiss it *sua sponte*. Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). In light of plaintiff's *pro se* status, he was granted a second bite at the apple. His complete failure to supplement his original complaint with any allegation of specific facts evidencing unlawful discrimination convinces the Court that any further opportunity to amend would be pointless. Accordingly, Keita's complaint is dismissed with prejudice.[1]

The Clerk of the Court is directed to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York
March 10, 2010

ERIC N. VITALIANO
United States District Judge

---

[1] Plaintiff's additional motion for discovery (Docket #23) is denied as moot.